FILED
at ___ O'clock & ___ min. ___ M
APR 2 0 2005
BRENDA K. ARGOE, CLERK
United States Bankruptcy Court
Columbia, South Carolina (37)

ENTERED
APR 2 0 2005
D. H. R.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re:<br><br>Columbia Golf Properties, LLC,<br><br>　　　　　　　　　　　　Debtor. | Case No. 05-02771-W<br><br>Chapter 11<br><br>**ORDER DENYING<br>MOTION TO DISMISS** |

THIS MATTER comes before the Court upon National Bank of South Carolina's ("NBSC") Motion to Dismiss Debtor's Chapter 11 Case ("Motion to Dismiss") and Columbia Golf Properties, LLC's ("Debtor") response thereto. Debtor's primary business is the management of two golf courses, Cold Stream Country Club ("Cold Stream") and Oak Hills Golf Club ("Oak Hills"). Debtor currently operates and manages Cold Stream and Oak Hills as a debtor-in-possession. NBSC issued a Note to Debtor and secured Debtor's obligations under the Note by taking a mortgage on Cold Stream and Oak Hills. In light of its recent deteriorating financial condition, Debtor filed for Chapter 11 bankruptcy relief. However, NBSC contends that Debtor has no reasonable likelihood of rehabilitation; and thus, NBSC filed a Motion to Dismiss pursuant to 11 U.S.C. § 1112(b).[1]

In Carolin Corp. v. Miller, the Fourth Circuit held that a party seeking to dismiss a Chapter 11 case shortly after the filing of a petition must prove (1) the objective futility of the Chapter 11 case and (2) the subjective bad faith in filing the case. 886 F.2d 693, 700 (4th Cir. 1989). See also In re Greenwood Supply Co., 295 B.R. 787, 791 (Bankr. D.S.C. 2002) (recognizing and applying the two pronged test provided in Carolin Corp. v. Miller). Furthermore, the party seeking the dismissal must prove its case by a preponderance of the evidence. In re Dunes Hotel Assocs., C/A No. 94-75715, 1997 WL 33344253, at *8 (Bankr.

---

[1] Further internal references to the Bankruptcy Code shall be by section number only.

D.S.C. Sep. 26, 1997). Although the moving party must prove its case under the preponderance of the evidence standard, this Court also notes that dismissing a case shortly after the petition date is an "inherently drastic remedy and not lightly to be made." Id. at 792 (quoting Carolin Corp. 886 F.2d at 700). Accordingly, the standard for dismissing a Chapter 11 case shortly after the petition date is "one of the most stringent articulated by the federal courts." In re Dunes Hotel Assocs., C/A No. 94-75715, 1997 WL 33344253, at *7.

In addressing the first prong of the Carolin test, NBSC contends that the Court should dismiss Debtor's Chapter 11 case because Debtor has no reasonable likelihood of rehabilitation. However, the factual circumstances of this case indicate otherwise. During the hearing on NBSC's Motion to Dismiss, Debtor's management testified that Debtor is current in postpetition payroll, payroll withholding taxes, and utilities. Furthermore, Debtor is preparing to pay property taxes when they are due, and Debtor paid NBSC an adequate protection payment of approximately $30,000.00 within the first few days of the case. Debtor's revenue statements also indicate that, although one golf course has lost money, Debtor's other golf course has generated increased income in the last year. Accordingly, this Court cannot conclude at this early stage that Debtor's reorganization is objectively futile. In re Greenwood Supply Co., 295 B.R. at 792 ("Debtor's ability to continue to operate and to pay its debts also indicates that the reorganization is not objectively futile.").

With respect to the second prong of the Carolin test, NBSC asserts that Debtor filed its Chapter 11 case in bad faith. When determining whether a debtor has filed a Chapter 11 case in subjective bad faith, the Fourth Circuit provides "that a totality of the circumstances inquiry is required; that any conceivable list of factors in not exhaustive; and that there is no single factor that will necessarily lead to a finding of bad faith." Carolin Corp., 886 F.2d at 701. In

an attempt to demonstrate Debtor's subjective bad faith in filing this Chapter 11 case, NBSC alleges the following:

1. Debtor's two golf courses generate all of Debtor's revenue;

2. Debtor has no equity in its two golf courses because NBSC holds mortgages that exceed the appraised value of Debtor's golf courses;

3. Debtor does not appear to have the financial ability to sustain a plan of reorganization;

4. NBSC is Debtor's largest creditor and Debtor filed this case to delay NBSC's foreclosure of one of Debtor's golf courses;

5. The timing of Debtor's Chapter 11 filing indicates an intent to delay NBSC's efforts to foreclose because Debtor filed this case shortly after NBSC instituted foreclosure proceedings in state court;

6. Debtor's failure to pay property taxes in a timely manner required NBSC to redeem one of the golf courses that secures its note by paying approximately $118,000.00;

7. Debtor's failure to pay insurance premiums required NBSC to force place insurance on both of Debtor's golf properties; and

8. From October 2003 to February 2005, the state has levied $30,616.65 in tax liens against Debtor's property.

When determining whether a Chapter 11 case should be dismissed in light of a debtor's subjective bad faith, this Court examines various factors based upon the totality of the circumstances.[2] In this case, Debtor's continued operations; retention of employees other

---

[2] In the past, this Court has examined the following factors to guide its analysis of determining the existence of subjective bad faith: (1) whether the debtor owns only one asset; (2) whether secured creditors encumber debtor's lone asset; (3) whether debtor continues its business operations with employees other than principals; (4) whether debtor has little or no cash flow and no available sources of income to sustain a plan of reorganization or make adequate protection payments; (5) whether there are few, if any, unsecured creditors whose claims are relatively small; (6) whether there are any allegations of wrongdoing by debtor or its principals; (7) whether the timing of the debtor's filing evinces an intent to delay or frustrate the legitimate

3

than principals; cash flow and payment of postpetition obligations; candor with the Court; and the existence of other creditors are factors that weigh in Debtor's favor. Despite Debtor's prepetition financial condition, the evidence presented does not demonstrate that Debtor filed its Chapter 11 bankruptcy in bad faith. Moreover, Debtor's Chapter 11 case should continue in order to allow Debtor's numerous trade creditors to participate in Debtor's reorganization. The Court also notes that there is no evidence indicating that Debtor has committed any wrongdoing during the early stages of this case nor does it appear that there are any material omissions in Debtor's schedules.

Furthermore, in looking beyond the bad faith grounds raised by NBSC, the Court finds that the NBSC's evidence does not demonstrate any of the specified "causes" for dismissal expressed in § 1112(b) and does not give rise to circumstances requiring the Court to dismiss this case pursuant to § 105(a). See In re Dunes Hotel Assocs., C/A No. 94-75715, 1997 WL 33344253, at *7 (noting that § 1112(b) provides a non-exhaustive list of ten "causes" to dismiss a Chapter 11 case and that § 105 also provides the Court with authority and discretion to dismiss a Chapter 11 case sua sponte in order to prevent abuse).

Considering the totality of the circumstances and the factors addressed herein as well as the Fourth Circuit's declaration that "it is better to risk proceeding with a wrongly motivated invocation of Chapter 11 protections whose futility is not immediately manifest than to risk cutting off even a remote chance that a reorganization effort so motivated might nevertheless yield a successful rehabilitation," the Court is inclined to allow Debtor's case to proceed. Carolin Corp., 886 F.2d at 701.

---

efforts of secured creditors to enforce their rights; (8) whether the debtor is afflicted with the "new debtor syndrome" in which a one asset entity is created or revitalized on the eve of foreclosure to isolate insolvent property and its creditors; (9) whether there is no realistic possibility of reorganization of debtor's business; (10) whether the reorganization essentially involves a two-party dispute; and (11) whether bankruptcy offers the only means of forestalling the loss of debtor's property. In re Greenwood Supply Co. 295 B.R. at 793.

Therefore, in light of the foregoing, NBSC's Motion to Dismiss is denied.

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
April 20, 2005

5